UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

CASE NO.: 2:25-CV-00995

DELTA BUILD SERVICES, INC.,
a Florida corporation,

  Plaintiff,

v.

E2F HOMES, LLC, a Nevada Limited
Liability Company registered in Florida;
FRANCISCO ORSELLI, an individual;
ELENA ORSELLI, an individual;
ASHLEY IRELAND, individually and
d/b/a The Haus Co. (CQ1071741);
and DELGADO LEGAL, P.A., a
Florida professional association,

  Defendants.
_____/

**PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES UNDER 28 U.S.C. § 1447(c)**

**I. INTRODUCTION**

This case presents no federal cause of action and arises exclusively under Florida law. Defendants E2F Homes, LLC., Francisco Orselli, and Elena Orselli removed this action on October 31, 2025, asserting "federal-question" jurisdiction based solely on Plaintiff's references to certain federal criminal statutes within its Florida RICO count. However, Delta's Verified Complaint asserts only Florida causes of action—including breach of contract, breach of confidentiality, negligence, fraud, and civil RICO under §§ 772.101–

.104, Fla. Stat. The references to 18 U.S.C. §§ 1341, 1343, 1349, 1832, and 1961–1962 merely identify predicate acts expressly incorporated by Florida's RICO statute; they do not transform this into a federal claim. Federal jurisdiction is therefore absent, and removal was both premature and improper.

## II. PROCEDURAL BACKGROUND

1. On October 5, 2025, Plaintiff filed this action in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, Case No. 25-CA-005462.
2. The Complaint asserts purely state-law claims, including Florida RICO under Chapter 772.
3. On October 31, 2025, Defendants E2F Homes, LLC., Francisco Orselli, and Elena Orselli filed a Notice of Removal to this Court (ECF 1).
4. Defendants E2F Homes, LLC., Francisco Orselli, and Elena Orselli accepted service on October 12, 2025.
5. Defendant Delgado Legal, P.A. has not yet been served with the Complaint or Summons as of the date of this filing.
6. Removal occurred while a related action—E2F Homes, LLC., v. Delta Build Services, Inc., Case No. 25-CA-000205 (Lee County Circuit Court)—remains pending, involving the same parties, transactions, and lien-transfer bonds.

## III. LEGAL STANDARD

A removing defendant bears the burden of establishing that federal jurisdiction exists. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). All doubts are resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Under the well-pleaded complaint rule, federal jurisdiction exists only when a federal question appears on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Anticipated defenses or incidental references to federal law are insufficient.

IV. ARGUMENT

   A. **The Complaint Raises No Federal Question.**

7. Plaintiff's Verified Complaint pleads only Florida-law claims. Count V arises solely under § 772.103, Fla. Stat. The fact that the Florida RICO statute incorporates certain federal criminal statutes by cross-reference does not create federal jurisdiction. *Tafflin v. Levitt*, 493 U.S. 455, 467 (1990). Courts have repeatedly rejected removal based on similar "federal predicate" arguments. See *Burr & Forman v. Blair*, 470 F.3d 1019, 1022 (11th Cir. 2006); *Adventure Outdoors*, 552 F.3d at 1297–98.

   B. **The Well-Pleaded Complaint Rule Controls.**
   Jurisdiction must arise from the face of the complaint—not from defendants' characterization of the claims. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986). Plaintiff's RICO allegations merely track the statutory definition of "criminal activity" under § 772.102(1)(a), Fla. Stat., which includes federal mail and wire fraud among other offenses. Because Florida courts are fully competent to interpret those provisions, no "substantial" federal issue exists under *Gunn v. Minton*, 568 U.S. 251 (2013).

   C. **No Substantial Federal Issue Exists.**
   Even if the Complaint references federal statutes, such incorporation does not transform a state claim into one "arising under" federal law. *Louisiana v. State Farm Fire & Cas. Co.*, 2015 WL 4935638 (M.D. Fla. 2015). Permitting removal in these circumstances would transfer virtually every Florida RICO claim to federal court, contrary to congressional intent.

**D. Procedural Defects Render Removal Invalid.**

8. **Premature Removal and Unserved Defendant.** At the time of removal, Defendant Delgado Legal, P.A. had not been served with the Complaint or Summons. Although E2F Homes, LLC., Francisco Orselli, and Elena Orselli accepted service on October 12, 2025, the case remained in the service stage when they removed it on October 31, 2025. Courts have consistently found that such early removal, before all parties are properly before the state court, is procedurally premature and inconsistent with the purpose of § 1446(b). See *Jones v. Commonwealth Land Title Ins. Co.*, 459 F. Supp. 2d 1150, 1153 (M.D. Fla. 2006). Removal during the initial service period—particularly where no legitimate federal jurisdiction exists—reflects an improper attempt to divest the state court of jurisdiction at the outset.

9. **Forum Shopping and Parallel State Jurisdiction.** Removal was filed one day after Plaintiff's Emergency Notice to the Court in E2F Homes, LLC., v. Delta Build Services, Inc., Case No. 25-CA-000205, revealing that E2F had sold and refinanced multiple bonded properties during litigation. The timing demonstrates Defendants' intent to avoid state-court supervision following disclosure of those transactions.

10. **No Diversity or Federal Basis.** There is no diversity of citizenship between the parties and no federal cause of action properly pleaded. The removal rests solely on a contrived federal-question theory unsupported by the well-pleaded complaint rule.

**E. Fees and Costs Are Warranted.**

11. Under 28 U.S.C. § 1447(c), this Court may award attorney's fees and costs where the removing party lacked an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). Given the clear state-law nature of

>Plaintiff's claims and overwhelming precedent rejecting identical removal arguments, Defendants' removal was objectively unreasonable.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court:

1. Remand this action to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida;

2. Award Plaintiff its reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1447(c); and

3. Grant such further relief as this Court deems just and proper.

### CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g), undersigned counsel conferred with counsel for Defendants, who oppose the relief requested herein.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via CM/ECF and served on all counsel of record this 12th day of November, 2025.

Respectfully submitted,

DAYANNA LIMA, ESQ.
Florida Bar No. 1011032
DAYANNA LIMA, PLLC.
19008 Corkscrew Road 101/401
Estero, Florida 33928
Tel: (239) 307-6230
Email: DLima@AttorneyLima.com

and

SCOTT J. FORSTER, ESQ.
Florida Bar No. 1032389
FORSTER LAW, P.A.
19008 Corkscrew Road 101/401
Estero, Florida 33928

Tel: (239) 307-6230
Email: Scott@forsterlaw.net
Attorneys for Plaintiff, Delta Build Services, Inc.