```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

DELTA BUILD SERVICES, INC.,
a Florida corporation,

        Plaintiff,

v.                                    Case No: 2:25-cv-995-JES-DNF

E2F HOMES, LLC, a Nevada
limited liability company;
FRANCISCO ORSELLI, an
individual; ELENA ORSELLI,
an individual; ASHLEY
IRELAND, individual and
d/b/a The Haus Co.
(CQ1071741); and DELGADO
LEGAL, P.A., a Florida
professional association

        Defendants.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Remand and Request for Attorney's Fees Under 28 U.S.C. § 1447(c) (Doc. #15) filed on November 12, 2025. Defendants E2F Homes, LLC and Francisco Orselli and Elena Orselli (collectively the Orsellis) filed a Memorandum of Law in Opposition (Doc. #19) on November 17, 2025. Delgado Legal, P.A. (Delgado Legal) has not yet appeared in the case. For the reasons stated below, the case will be remanded to state court.

**I.**

Plaintiff filed a Complaint (Doc. #9) in Lee County Circuit Court, Florida, on October 5, 2025, alleging a multi-count action

for damages in excess of $50,000, exclusive of interest, costs, and attorney fees. (Id. at ¶ 1.) Plaintiff alleges state law claims for a breach of contract against E2F Homes, LLC (Count I), a breach of confidentiality and aiding and abetting fraud against Ashley Ireland (Count II), negligence and concealment against Delgado Legal, P.A. (Count III), fraudulent misrepresentation and civil conspiracy against all defendants (Count IV), civil RICO under Florida law against E2F Homes, the Orsellis, Ireland, and Delgado Legal (Count V), and failure to produce records or spoliation against Ireland (Count VI).

E2F Homes and Orsellis removed the case to federal court, arguing that some of the predicate acts of Count V are based on violations of federal statutes and therefore federal question jurisdiction exists pursuant to 28 U.S.C. § 1331. Defendants further argue that removal was appropriate because the "overbearing reliance on federal law to allege a state RICO claim is unequivocally substantial." (Doc. #1 at ¶ 8.)

## II.

Plaintiff moves to remand the case to state court, arguing that only Florida law claims are presented, and that the references to certain federal criminal statutes do not create a claim that arises under federal law. Plaintiff also notes that Delgado Legal was not served at the time of removal.

**A. Federal Question Removal**

Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When complete diversity citizenship does not exist, the defendant must show that federal question jurisdiction is present. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "A removing defendant bears the burden of proving proper federal jurisdiction" and all doubts are resolved in favor of remand. Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008).

Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "'The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Schleider v. GVDB Operations, LLC, 121 F.4th 149, 155-156 (11th Cir. 2024) (quoting Caterpillar, 482 U.S. at 392). This 'well-pleaded complaint rule' "means that a federal question is 'presented' when the complaint—on its face—invokes federal law as the basis for relief. The plaintiff is thus "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. at 156.

"[A] plaintiff may not avoid federal jurisdiction if either: (1) the state-law claims raise substantial questions of federal law or (2) federal law completely preempts the state-law claims." Dunlap v. G&L Holding Grp., Inc., 381 F.3d 1285, 1289 (11th Cir. 2004) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 13 (1983)). For a state law claim to "raise substantial questions of federal law", the federal aspect "must be an essential element" of the claim and "the federal right or immunity that forms the basis of the claim must be such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another." Id. at 1290 (citing Mobil Oil Corp. v. Coastal Petroleum Co., 671 F.2d 419, 422 (11th Cir.1982)). "The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," and the state law claim must "really and substantially involve a dispute or controversy respecting the validity, construction or effect of federal law." Id.

Where a state law claim is alleged, there is a "special and small category" of cases in which 'arising under' jurisdiction still lies. Gunn v. Minton, 568 U.S. 251, 257–58 (2013). See also Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 26 (2025) ("On rare occasions, the grant also covers a suit containing state-law claims alone, because one or more of them necessarily raises a substantial and actually disputed federal question." (citing

Gunn at 258)).  "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  Gunn at 258 (citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313-14 (2005)). The "substantial" requirement is "about the importance of the issue to the federal system as a whole" and all four of the requirements must be shown. AST & Sci. LLC v. Delclaux Partners SA, 143 F.4th 1249, 1253 (11th Cir. 2025).

Count V presents an action under Florida's Racketeer Influenced and Corrupt Organizations Act (RICO or Florida's RICO). Count V alleges that defendants associated together and operated as an enterprise within the meaning of Fla. Stat. § 895.02 and 18 U.S.C. § 1961 with the common purpose of eliminating plaintiff's lawful payment claims by falsifying records, concealing contractor balances, and completing fraudulent real estate closings. Plaintiff alleges a pattern of racketeering activity based on the following predicate acts: (1) wire fraud under 18 U.S.C. § 1343; (2) mail fraud under 18 U.S.C. § 1341; (3) mortgage fraud under Fla. Stat. § 817.545; (4) theft and scheme to defraud under Fla. Stat. §§ 812.014 and 817.034; (5) forgery and uttering a false instrument under Fla. Stat. § 831.01; and (6) trade secret

- 5 -

misappropriation under both 18 U.S.C. § 1832 and Fla. Stat. § 688.002. (Doc. #9 at ¶¶ 79-81.)

Defendant argues that "Plaintiff's reliance on Title 18 Sections 1343, 1341, 1349, 1832, 1961, and 1962 to meet the elemental requirements of the state RICO claim renders these federal laws substantial to the action." (Doc. #19, p. 5.) The Court disagrees.

In general, Florida's RICO "'is informed by case law interpreting the federal RICO statute'" on which it is patterned. Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1263 (11th Cir. 2004) (citation omitted). See also S.Y. v. Wyndham Hotels & Resorts, Inc., 521 F. Supp. 3d 1173, 1188 n.9 (M.D. Fla. 2021) (Florida RICO is patterned after federal RICO); Palmas Y Bambu, S.A. v. E.I. Dupont De Nemours & Co., Inc., 881 So. 2d 565, 570 n.1 (Fla. 3d DCA 2004) ("Because of the similarities between Florida and federal RICO acts, Florida looks to federal authority regarding the interpretation and application of its act."). References to federal statutes in a Florida RICO claim is neither unusual nor significant in terms of creating federal question jurisdiction.

Additionally, the predicate acts alleged in Count V relating to mail fraud and wire fraud are run-of-the-mill matters which do not bring the claim within the "special and small category" of

cases which establish "arising under" jurisdiction. Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006). Not "*every* state RICO cause of action which depends upon proving, as necessary predicate acts, a violation of the federal mail and wire fraud statutes establishes federal question jurisdiction." Ayres v. Gen. Motors Corp., 234 F.3d 514, 519 (11th Cir. 2000) (emphasis in original). "[I]t takes more than a federal element 'to open the 'arising under' door.'" Empire Healthchoice Assur., 547 U.S. at 701 (quoting Grable, 545 U.S. at 313). While federal-question jurisdiction was available in an exceptional case such as Ayers, where resolution of the case depended entirely on the interpretation of the federal mail and wire fraud statutes and their interaction with another federal statute, there are no such circumstances shown in this case.

There is no basis to find that plaintiff's claims fall within this "special and small category of cases" that arise under federal law. Further, it is undisputed that diversity of citizenship is not present in this case. The Court finds that subject matter jurisdiction is not present in this case, and the case is due to be remanded.

**B. Consent of Unserved Defendant**

Plaintiff also argues that Delgado Legal had not yet been served at the time of removal, and therefore removal was premature.

When an action is removed "solely" based on original jurisdiction such as under Section 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). If an action includes a claim arising under the Constitution, laws, or treaties of the United States (federal claims falling within 28 U.S.C. § 1331) and state claims, only defendants named in the federal claims are required to "join in or consent to the removal." 28 U.S.C. § 1441(c)(2).

"The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective." Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 (11th Cir. 2008) (citing Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001)). "By its terms, § 1446(b)(2)(A) does not impose any requirements on defendants who were not properly served." Shakouri v. Davis, 923 F.3d 407, 410 (5th Cir. 2019). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

Because Delgado Legal had not yet been served with process, its consent was not required. The removing defendants did obtain

the consent of Ireland.  The motion to remand on this basis is denied.

### C. Attorney's Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. [] In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case."  Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005) (internal citation omitted).  While the Court disagrees with the propriety of the removal, the Court finds that the removing party did not lack an objectively reasonable basis for seeking removal. In the exercise of its discretion, the Court denies the request for attorney's fees.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand and Request for Attorney's Fees Under 28 U.S.C. § 1447(c) (Doc. #15) is **GRANTED IN PART AND DENIED IN PART**.  The motion to remand is granted. Attorney's fees are denied.

2. The Clerk is directed to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk is further directed to terminate all pending motions and deadlines, and to close the case.

**DONE and ORDERED** at Fort Myers, Florida, this ___17th___ day of December 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record